Kathryn LEAR, Appellant,

v.

PATRICIA MINING COMPANY, Inc., et al., Appellees.

Court of Appeals of Kentucky.

May 13, 1960.

E. D. Stephenson, Pikeville, for appellant.

Sanders & Redwine, Pikeville, for appellees.

MILLIKEN, Judge.

The question is whether there is sufficient competent evidence to sustain a refusal of the Workmen's Compensation Board to grant an award of compensation for the death of the husband of the appellant. The answer turns on whether the deceased, Oscar Lear, who was an officer of the Company, was an employee also at the time of the accident. The accident occurred on June 22, 1956, when a truck operated by Oscar Lear came in contact with a high voltage wire causing electrical shock and burns from which Mr. Lear died the next day.

It would serve no useful purpose for us to detail the testimony and exhibits from which the Board concluded that Mr. Lear was not an employee or a covered officer at the time of the injury. The gist of it is that the biweekly payroll sheets (written by pencil) bear strong evidence of alteration by the insertion of data concerning the deceased. For example, the totals on two of the sheets involved do not include the amounts paid to Mr. Lear and these were the totals certified to the insurance carrier as the basis for its calculation of the insurance premiums due. Furthermore, the check numbers of the checks made out to Mr. Lear did not fall in proper sequence with the other check numbers on the respective payrolls. It was also disclosed that the Company was in arrears in the payment of money it owed Mr. Lear for hauling coal in his truck at a specific rate a ton, so that even the payments to him listed on the payroll sheets were open to the doubt that they were payments on account and not salary or wages.

In the light of this summary, we believe it is apparent that, whatever the counter-

vailing evidence might be, there was sufficient competent evidence to sustain the Board's findings.

The judgment is affirmed.